IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KURT D. BASSLER,                    )
                                    )
          Plaintiff,                )
                                    )
     vs.                            )    Civil Action No. 10-1264
                                    )
COMMISSIONER OF SOCIAL SECURITY,    )
                                    )
          Defendant.                )

O R D E R

AND NOW, this 6th day of February, 2012, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither

1

reweigh the evidence, nor reverse, merely because it would have decided

the claim differently) (citing <u>Cotter v. Harris</u>, 642 F.2d 700, 705

(3d Cir. 1981)).[1]

---

[1]

Plaintiff's primary argument is that the ALJ "improperly rejected" the opinions of his treating physicians, Dr. Weaver-Graham and Dr. Kant.  Contrary to Plaintiff's distorted characterization of the record, the ALJ did not *reject* their opinions, but rather, afforded them less weight because he determined they were (1) opinions on the ultimate issue of disability, (2) conclusory because they were given on "check the box" forms and were not supported by any explanation, and (3) inconsistent with and unsupported by other substantial evidence in the record.  Furthermore, the ALJ did not fail to discuss the criteria set forth in 20 CFR § 404.1527; he explicitly stated that he "considered opinion evidence in accordance with the requirements of 20 CFR § 404.1527" and specifically considered the factors set forth in § 404.1527(d)(3), (4), & (6), although perhaps not as directly as he could have.  ALJ Determination (Doc. No. 6-2 at 13-15).

Plaintiff's contentions are lacking woefully in merit.  The ALJ correctly found that the opinions of the treating physicians were opinions on the ultimate issue of disability.  Dr. Weaver-Graham opined that it would be difficult for Plaintiff to maintain the focus and motivation required to sustain regular, full-time employment and that he was "seriously limited, but not precluded" in his ability to "perform at a consistent pace without an unreasonable number and length of rest periods."  (Doc. No. 6-7 at 165).  Dr. Kant also opined that Plaintiff was "seriously limited, but not precluded" in his ability to perform at a consistent pace and that he would likely miss more than four days of work per month.  (Doc. No. 6-7 at 144-45).  In assigning less weight to their opinions, the ALJ noted that "the underlying treatment records indicate that their opinions as to [Plaintiff]'s ultimate disability are not well supported."  (Doc. No. 6-2 at 15).  It is well-settled that the "determination of a claimant's RFC is the exclusive responsibility of the ALJ."  <u>Garrett v. Comm'r of Soc. Sec.</u>, 274 Fed Appx. 159, 163 (3d Cir. 2008); See <u>Malloy v. Comm'r of Soc. Sec.</u>, 306 Fed Appx. 761, 763 (3d Cir. 2009).  As both these opinions regarded issues reserved exclusively to the ALJ -- Plaintiff's RFC and ability to work -- the ALJ was not required to give "any special significance" to their opinions.  20 CFR § 404.1527(e)(3).

        The ALJ also properly found that both their opinions were
conclusory because "[n]either opinion [wa]s supported by actual
treatment records" and because they contained "no explanation or basis
of support in the underlying treatment records." (Doc. No. 6-2 at 13).
He reasoned that because the opinions were given on "form reports in
which a physician's obligation is only to check a box or fill in a
blank" their conclusions constituted "weak evidence at best." (Id.
at 15). As such, the ALJ properly gave their opinions less than
controlling weight. See Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir.
1993); see also McQueen v. Comm'r of Soc. Sec., 322 Fed. Appx. 240,
245 (3d Cir. 2009); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999).
        Finally, the ALJ correctly concluded that the opinions were not
well-supported by and were inconsistent with other substantial
evidence in the record. First, he found that Dr. Weaver-Graham
rendered contradictory opinions when she opined that Plaintiff was
"limited but satisfactory" in his ability to perform at a consistent
pace on June 21, 2008, but then opined that "it would be difficult
for Plaintiff to be able to maintain the focus and motivation required
to sustain regular, full-time employment" on July 18, 2008. (Doc. No.
6-7 at 162). Second, the ALJ found their opinions to be inconsistent
with that of Dr. Manning's, who opined on December 22, 2006, that he
would continue Plaintiff's disability "for now" but recognized that
"at some point we have to get him back to work." (Doc. No. 6-2 at 15).
The ALJ was entitled to rely on Dr. Manning's opinion which recognized
that Plaintiff eventually could perform non-strenuous work because
it was supported by other evidence in the record. Third, the ALJ found
that the opinions conflicted directly with the extent of Plaintiff's
daily activities and his enrollment in the Pennsylvania Gunsmith
School. (Id. at 12-13). The ALJ noted that Plaintiff had enrolled
in the trade school three months after filing for disability and that
he had returned to school after a leave of absence on a 40-hour per
week basis just 2 ½ months prior to the hearing. (Id. at 9). He
explained that while Plaintiff did have to take a leave of absence,
it was prompted by complications he was having with his hand and wrist
and was not related to any issues with his focus and concentration.
(Id. at 11). The ALJ also stated that Plaintiff "did not complain of
difficulty in maintaining attention and concentration on his school
work in the gunsmith trade" at the hearing, and that he only complained
of pain and fatigue related to the limited functioning in his right
hand. (Id. at 13). Fourth, the ALJ determined properly that
Plaintiff's statements concerning the severity of his symptoms were
not entirely credible in light of the extent of his daily activities
and the fact that he contradicted himself in statements he made to
different physicians about the level of dependence he had on his father.

3

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 9) is DENIED and defendant's Motion for Summary Judgment (document No. 13) is GRANTED.


                                        s/Alan N. Bloch
                                        United States District Judge

ecf:        Counsel of record

---

(Id. at 14).
        Consequently, the Court finds that substantial evidence supports the ALJ's decision to afford limited weight to the opinions of the treating physicians and that the ALJ sufficiently explained his rationale for doing so.  Substantial evidence also supports his finding that Plaintiff suffered only mild difficulties in concentration, persistence, or pace and that he therefore retained the functional capacity to perform light work limited to simple tasks that do not require sustained concentration and attention upon detailed or complex matters.